IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | )   Criminal No. 03-134 |
| | ) |
| ARIAN O'CONNOR, | ) |
| | ) |
| Defendant. | ) |

OPINION

Now pending before the court is a pro se motion to dismiss indictment for lack of subject-matter jurisdiction filed by defendant Arian O'Connor ("O'Connor") (ECF No. 51). Specifically, O'Connor contends that his 2003 indictment and conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), were invalidated by the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (holding that the government must prove that a defendant knew that he possessed a firearm <u>and</u> that he belonged to the relevant class of persons barred from possessing a firearm). The government filed a response in opposition to the motion (ECF No. 58) and the motion is ripe for disposition.

<u>Factual and Procedural Background</u>

O'Connor was indicted by a federal grand jury on May 3, 2003. On October 15, 2003, he pleaded guilty. On January 13, 2004, O'Connor was sentenced by this court to 69 months in prison and 3 years of supervised release. In 2008, after O'Connor completed his prison term, his case was transferred to the United States District Court for the Northern District of Ohio (the "Ohio court"), pursuant to 18 U.S.C. § 3605 (ECF Nos. 26, 27).

1

Legal Analysis

O'Connor argues that, in light of the Supreme Court's decision in *Rehaif*, the indictment in this case fails to charge an offense. O'Connor contends that his plea agreement and the colloquy in open court during his change of plea hearing similarly failed to establish that he knew he had the status of a convicted felon who was barred from possessing a firearm. He suggests that the proper remedy is vacating his conviction.

The motion to dismiss the indictment and conviction must be denied for two fundamental reasons. First, this court lacks subject-matter jurisdiction because his case was transferred to the Ohio court in 2008. *See United States v. Johnson*, 861 F.3d 474, 480 n.19 (3d Cir. 2017) ("Judicial Conference has long encouraged district courts to transfer undischarged supervised release terms to the actual district of supervision"). The records in this case (Criminal No. 03-143) were transferred to the Ohio court, which accepted the transfer and opened a new case in that court, Criminal No. 08-325. The government represents that O'Connor filed similar motions for relief in the Ohio court.

More fundamentally, O'Connor cannot now challenge an alleged defect in his 2003 indictment. Pursuant to Federal Rule of Criminal Procedure 12(b)(3), a motion alleging "a defect in the indictment or information; including … [the] failure to state an offense" must be made before trial. In this case, O'Connor pleaded guilty, served his entire prison term, and completed the term of supervised release imposed in 2004. O'Connor did not articulate any cognizable reason to reexamine his conviction at this time. In *In re Sampson*, 954 F.3d 159, 161 n.3 (3d Cir. 2020), the court explained that *Rehaif* did not create a new rule of constitutional law and was not made retroactive to cases on collateral review by the Supreme Court.

O'Connor's reliance on the decision in *United States v. Martinez*, 800 F.3d 1293, (11th Cir. 2015) (dismissing indictment for transmitting threats as deficient), is misplaced.  In that case, the defendant preserved her challenge by filing a motion to dismiss the indictment, asserting it was facially defective. *Id*. at 1294–95.  In pleading guilty, she specifically reserved the right to appeal the district court's denial of her motion.  *Id*.  O'Connor did not take similar steps to preserve his argument in this case.

Conclusion

For the reasons set forth above, the pro se motion to dismiss indictment for lack of subject-matter jurisdiction filed by defendant Arian O'Connor ("O'Connor") (ECF No. 51) will be DENIED.  O'Connor's objections to the brief extension of time granted for the government to respond to his motion (ECF Nos. 56, 57) will be DENIED as moot.

An appropriate order will be entered.

Dated: June 9, 2020

BY THE COURT:

/s/ Joy Flowers Conti
Joy Flowers Conti
Senior United States District Judge