IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 03-134 |
| | ) | |
| ARIAN O'CONNOR, | ) | |
| Defendant. | ) | |

**OPINION**

I.   **Introduction**

Pending before the court is a petition for a writ of error coram nobis (ECF No. 67) filed pro se by Arian O'Connor ("O'Connor"). O'Connor contends that his statute of conviction, 18 U.S.C. § 922(g)(1), is unconstitutional after the decisions in *New York State Rifle & Pistol Association v. Bruen*, —— U.S. ——, 142 S. Ct. 2111 (2022), and *Range v. Attorney General of the United States of America*, 69 F.4th 96, 101 (3d Cir. 2023) (en banc). O'Connor filed a clarification to reiterate that his "argument is that 922(g)(1) is unconstitutional – PERIOD." (ECF No. 72). The government filed a response in opposition (ECF No. 73). O'Connor filed a reply (ECF No. 74). The petition is ripe for decision.

II.   **Legal Standard**

A federal court may hear petitions of error coram nobis (the "writ of coram nobis") as authorized by the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan*, 346 U.S. 502, 506 (1954). A writ of coram nobis is a post-conviction remedy sought after a defendant has served his or her sentence and been released from federal custody. *United States v. Babalola*, 248 F. App'x 409, 412 (3d Cir. 2007). The writ of coram nobis is an "infrequent and extraordinary remedy" and relief is granted only when a defendant establishes that there was a fundamental

error rendering the proceeding irregular and invalid. *Id.* at 411.  A defendant has the burden to prove that his or her conviction is invalid. *Id.* at 412. "Earlier proceedings are presumptively correct and the petitioner bears the burden to show otherwise." *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989). The Third Circuit Court of Appeals has instructed:

> "The interest in finality of judgments dictates that the standard for a successful collateral attack on a conviction be more stringent than the standard applicable on a direct appeal." *Gross*, 614 F.2d at 368. It is even more stringent than that on a petitioner seeking habeas corpus relief under § 2255. *See Osser*, 864 F.2d at 1060-61; *United States v. Keogh*, 391 F.2d 138, 148 (2d Cir. 1968) (unlike habeas, where part of sentence remained unserved, no opportunity or incentive in coram nobis setting to retry defendant using newly discovered evidence where sentence already served).

*Id.*

A petitioner must satisfy five prerequisites for coram nobis relief, that he: "(1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) asserted error(s) of a fundamental kind." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020).  A conviction for conduct not constituting a crime may be a fundamental error.  *United States v. Foster*, 236 F. App'x 758, 760 (3d Cir. 2007).  The court assumes, without deciding, that O'Connor satisfies the prerequisites for coram nobis relief.

**III.** Procedural Background

O'Connor was indicted in this case (Crim. No. 03-143) by a federal grand jury on May 3, 2003, for possession of a firearm by a convicted felon on September 27, 2002, in violation of 18 U.S.C. § 922(g)(1).  His status as a convicted felon was based on a February 26, 1999, conviction in the Court of Common Pleas of Mahoning County, Ohio for two counts of felonious assault (Case No. 98-927).  O'Connor was sentenced to three years in prison at Case No. 98-927.

On October 15, 2003, O'Connor pleaded guilty in this case (Crim. No. 03-143). On January 13, 2004, O'Connor was sentenced by this court to 69 months in prison and 3 years of supervised release. In 2008, after O'Connor completed his prison term, his case was transferred to the United States District Court for the Northern District of Ohio (the "Ohio court"), pursuant to 18 U.S.C. § 3605 (ECF Nos. 26, 27). On June 9, 2020, this court denied O'Connor's motion to vacate his conviction in light of the United States Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019) (ECF Nos. 59, 60), explaining that this court lacked jurisdiction because O'Connor's case had been transferred to the Ohio court.

This court will exercise jurisdiction over the present petition. "Coram nobis is traditionally understood to be available only from the court that issued the criminal judgment." *Phillips v. Norward*, 614 F. App'x 583, 586 (3d Cir. 2015). Because this court issued the judgment, this court must resolve the coram nobis petition.[1]

## IV. Discussion

The government characterizes O'Connor's petition as a facial attack on the constitutionality of § 922(g)(1), but notes that it would also oppose an "as applied" challenge by O'Connor. The government argues that § 922(g)(1) is not facially unconstitutional. In his reply, O'Connor appears to confirm that he is asserting a facial challenge. (ECF No. 74 at 1). O'Connor argues that the government failed to meet its burden to prove that § 922(g)(1) is consistent with the nation's historical tradition of firearm regulation.

Numerous decisions rejected challenges to § 922(g)(1) after the Supreme Court's decision in *Bruen*. In *United States v. Young*, No. CR 22-054, 2022 WL 16829260, at *1 (W.D.

---

[1] This court does not address the impact of O'Connor's subsequent § 922(g)(1) conviction in the Ohio court (Crim. No. 08-361).

Pa. Nov. 7, 2022), after an extensive analysis, the court held that *Bruen* did not undermine the constitutionality of § 922(g). The court rejected a facial attack, concluding that "*Bruen* does not effectively overrule, or even cast into doubt, the legal underpinnings of felons in possession statutes." *Id.* at *7. The court explained, in the alternative, that if it needed to undertake a historical analysis, a ban on felons possessing firearms "is consistent with this Nation's historical traditions of firearm regulation." *Id.* at *8. The court also rejected an "as applied" challenge, explaining that because the defendant had previously been convicted of four felony drug offenses, he was outside the scope of the Second Amendment. *Id.* at *11.

The decision in *Range* did not undermine the constitutionality of § 922(g)(1) in all situations. In *Range*, which involved an "as applied" challenge, the Third Circuit Court of Appeals noted "*Bruen's* focus on history and tradition"; recognized the overruling of "*Binderup's* multifactored seriousness inquiry"; and outlined the proper analysis:

> After *Bruen*, we must first decide whether the text of the Second Amendment applies to a person and his proposed conduct. 142 S. Ct. at 2134–35. If it does, the government now bears the burden of proof: it "must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 2127.

*Range*, 69 F.4th at 101.

At the first step, the court rejected the government's contention that only "law-abiding, responsible citizens" are protected by the Second Amendment. *Id.* at 103. The court also resolved the "easy question" that "§ 922(g)(1) regulates Second Amendment conduct." *Id.*

At the second step of the analysis, the government must demonstrate that § 922(g)(1) "is consistent with the Nation's historical tradition of firearm regulation." *Id.* Historical tradition can be established by analogical reasoning. "[R]egulations targeting longstanding problems must be "distinctly similar" to a historical analogue." *Id.* Modern regulations can be compared to

historical analogues using the metric "how and why the regulations burden a law-abiding citizen's right to armed self-defense." *Id.*

The court in *Range* recognized several pronouncements by the Supreme Court about the presumed validity of § 922(g)(1):

> the Supreme Court's statement in *Heller* that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." 554 U.S. at 626, 128 S.Ct. 2783. A plurality of the Court reiterated that point in *McDonald v. City of Chicago*, 561 U.S. 742, 786, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010). And in his concurring opinion in *Bruen*, Justice Kavanaugh, joined by the Chief Justice, wrote that felon-possession prohibitions are "presumptively lawful" under *Heller* and *McDonald*. 142 S. Ct. at 2162 (quoting *Heller*, 554 U.S. at 626–27 & n.26, 128 S.Ct. 2783). Section 922(g)(1) is a straightforward "prohibition[ ] on the possession of firearms by felons." *Heller*, 554 U.S. at 626, 128 S.Ct. 2783.

*Id.* at 103-04. The court, however, pointed out that the current version of § 922(g)(1) (enacted in 1961) is broader than the earliest version of the statute (enacted in 1938), which only applied to "*violent* criminals." *Id.* at 104 (emphasis in original). The court explained that Range was not dangerous and "would not have been a prohibited person under that law." *Id.* The court held that the government failed to show that the historical tradition of firearms regulation would have deprived Range of his Second Amendment right to possess a firearm in light of his non-violent conviction. *Id.* at 106. *See United States v. King*, No. 5:22-CR-00215-001, 2023 WL 4873648, at *4 (E.D. Pa. July 31, 2023) (the court determined in *Range* that the "early law that prohibited convicted felons from possessing firearms applied only to violent criminals, and Range had not been convicted of a violent crime."). The court in *Range* explained that its decision was "narrow" and involved "the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to [Range] given his violation of 62 Pa. Stat. Ann. § 481(a) [false statement to obtain food stamps]." *Range*, 69 F.4th at 106.

5

The distinction drawn by the majority opinion in *Range* between violent and nonviolent felons does not help O'Connor.  The court did not hold that § 922(g)(1) is unconstitutional in all circumstances, as necessary to succeed in a facial challenge.  *See United States v. Mitchell*, 652 F.3d 387, 405 (3d Cir. 2011) (en banc) ("A party asserting a facial challenge "must establish that no set of circumstances exists under which the Act would be valid.") (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).  To the contrary, the majority opinion in *Range* recognized that the statute is constitutional when applied to violent felons.  *Range*, 69 F.4th at 104.  Judge Ambro, joined by two other judges, concurred separately to explain that the government's failure to meet its burden in *Range* did not spell doom for § 922(g)(1) and it remains "presumptively lawful."  *Id.* at 109 (Ambro, concurring).  The dissenting judges would have held that § 922(g)(1) remains valid, even as to Range.  In sum, the Third Court of Appeals in *Range* did not find § 922(g)(1) facially unconstitutional.  Thus, O'Connor's facial challenge fails.

O'Connor would likely not succeed if this court were to reach an "as applied" challenge.  The Third Circuit Court of Appeals in *Range* considered the defendant's underlying offense of conviction.  O'Connor, unlike Range, is a violent felon.  O'Connor's status as a felon unable to possess a firearm is based on his prior conviction for two counts of felonious assault under Ohio law.[2]  The Presentence Report ¶ 30 described the underlying conduct as firing six shots at the victim's vehicle with a revolver and later firing two shots at the same victim's vehicle with an assault weapon.  It is consistent with historical tradition to deprive O'Connor of his right to possess a firearm.

---

[2] The Presentence Report does not reflect which provision of Ohio law was charged.  Felonious assault "by means of a deadly weapon or dangerous ordnance," Ohio Rev. Code § 2903.11(A)(2), is a crime of violence under U.S.S.G. § 4B1.2(a)(1)'s elements clause. *United States v. Montgomery*, No. 22-3580, 2023 WL 4372820, at *2 (6th Cir. May 3, 2023) (citing *United States v. Burris*, 912 F.3d 386, 405-06 (6th Cir. 2019) (en banc)).

O'Connor's reliance on the decision in *United States v. Bullock*, 2023 WL 4232309 (S.D. Miss. 2023), is misplaced. *Bullock*, like *Range*, involved an "as applied" challenge to § 922(g)(1) and *Bullock* is not binding on this court. This court is not aware of any decisions upholding a facial challenge to § 922(g)(1). *See United States v. Robinson*, No. 3:21-CR-00159-N, 2023 WL 4304762, at *2 n.1 (N.D. Tex. June 29, 2023) (collecting decisions).

## V. Conclusion

For the reasons set forth herein, defendant's coram nobis petition (ECF No. 67) will be denied. An appropriate order will be issued.

BY THE COURT,

Dated: August 29, 2023

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge